IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
AT MEMPHIS

| | | |
|---|---|---|
| **MIKE AND LEONIE HEFLEY,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:24-CV-01156-JPM-atc |
| | ) | District Judge Jon Phipps McCalla |
| **ACUITY, A MUTUAL INSURANCE COMPANY,** | ) | Magistrate Judge Annie T. Christoff |
| | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT AGREEMENT

Comes now the defendant, Acuity, A Mutual Insurance Company (hereinafter "Acuity"), by and through its undersigned counsel, and submits its Memorandum of Law in Support of its Renewed Motion to Enforce the Settlement Agreement entered into on February 13, 2025 ("the Settlement"), by Acuity and the plaintiffs, Mike and Leonie Hefley ("Plaintiffs").

### FACTS

This is a case arising out of an insurance claim relating to damage to a house, fence, and shed on the plaintiffs' property, allegedly caused by hail or wind, on or about May 2, 2022. On January 25, 2025, Plaintiffs' counsel made a settlement offer to Acuity, via email, to settle the "claims for the roof, fence and additional structure" for $99,500.00, with the express authority of the Plaintiffs. See Ex. A to Motion. On February 11, 2025, Acuity's counsel made a counteroffer of $20,000.00. See Ex. B to Motion. Subsequently, on February 13, 2025, counsel continued negotiations via telephone and a Settlement was reached between the parties for an amount of $27,000.00 which was memorialized in an

email from Plaintiffs' counsel. See Ex. C to Motion. As part of the Settlement, Plaintiffs agreed to dismiss this lawsuit with prejudice. However, on March 6, 2025, Plaintiffs' counsel advised that Plaintiffs no longer wish to settle the claims and attempted to withdraw their acceptance of the Settlement.

Acuity previously filed a Motion to Enforce the Settlement on March 20, 2025. [Doc. 34]. The Court denied the Motion because Acuity failed to show that there was a settlement agreement reached on February 8, 2025, and further, offered a counteroffer on February 11, 2025. [Doc. 35]. Upon entry of the Court's Order, the undersigned counsel for Acuity regrettably realized that there were two errors made in Acuity's Motion. First, counsel mistakenly failed to attach the proper email exhibit showing that a Settlement was reached on February 13, 2025. [See Doc. 34-2]. Second, the undersigned counsel for Acuity mistakenly listed the date of the Settlement Agreement as February 8, 2025, when the Settlement was reached on February 13, 2025. Counsel has corrected this error as outlined in this Renewed Motion and accompanying affidavit.

Accordingly, for the reasons set forth in more detail below, Acuity respectfully contends that the Parties reached a valid and binding Settlement on February 13, 2025, and requests this Honorable Court enforce the Settlement.

## **STANDARD OF REVIEW**

A district court has the inherent power to enforce a settlement agreement between parties in litigation. Davis v. Robertson Cnty. Sch. Bd. of Educ., No. 3:22-cv-00408, 2024 U.S. Dist. LEXIS 52378, at *4 (M.D. Tenn. Mar. 25, 2024) (citing to Bamerilease Capital Corp. v. Nearburg, 958 F.2d 150, 152 (6th Cir. 1992); Brock v. Scheuner Corp., 841 F.2d 151, 154 (6th Cir. 1988)). Consequently, a federal district court may enforce agreements to

settle, and should uphold settlements when equitable and policy considerations allow, even when the agreement is oral or made off the record. Kukla v. Nat'l Distillers Prod. Co., 483 F.2d 619, 621 (6th Cir. 1973); Igani v. Therapy, No. 1:18-CV-155, 2019 U.S. Dist. LEXIS 250898, at *5 (E.D. Tenn. Dec. 20, 2019). "Because settlement agreements are a type of contract, the formation and enforceability of a purported settlement agreement are governed by state contract law." Cuyahoga Valley Ry. Co. v. U.S. Bank Trust Nat'l Ass'n, 515 Fed. Appx. 494, 498 (6th Cir. 2013)). "Summary enforcement of a settlement agreement has been deemed appropriate where no substantial dispute exists regarding the entry into and terms of an agreement." Davis, 2024 U.S. Dist. LEXIS 52378, at *4 (quoting RE/MAX Int'l, Inc. v. Realty One, Inc., 271 F.3d 633, 646 (6th Cir. 2001)).

As explained in more detail below, this Honorable Court should enforce the Settlement between the parties because there is no dispute regarding the entry into and the terms of the Settlement.

## LAW AND ARGUMENT

The enforceability of a purported settlement agreement is governed by state contract law. Montano v. Knox Cnty., No. 3:14-CV-404, 2016 U.S. Dist. LEXIS 40753, 2016 WL 1192673, at *2 (E.D. Tenn Mar. 28, 2016). "In order for a contract to be enforceable under Tennessee law, 'it must result from a meeting of the minds of the parties in mutual assent to the terms, must be based upon a sufficient consideration, free from fraud or undue influences, not against public policy and sufficiently definite.'" Williams v. B'Nai B'Rith Home & Hosp. for the Aged, No. 2:19-cv-2522-MSN-atc, 2020 U.S. Dist. LEXIS 245513, at *5 (W.D. Tenn. Sep. 10, 2020) (citation omitted). "When parties have agreed on the essential terms of a settlement, and all that remains is to memorialize the agreement in writing, the

parties are bound by the terms of the oral agreement." Moore v. United States Postal Serv., 369 F. App'x 712, 717 (6th Cir. 2010) (quotation omitted). Accordingly, refusal to sign a formalized settlement agreement is not evidence of the parties' failure to reach a meeting of the minds. See, e.g., Tocci v. Antioch Univ., 967 F. Supp. 2d 1176, 1200 (S.D. Ohio 2013); Igani v. Therapy, No. 1:18-CV-155, 2019 U.S. Dist. LEXIS 250898, at *8 (E.D. Tenn. Dec. 20, 2019).

Attorneys representing parties in a lawsuit have the power, under basic agency principles, to negotiate and consummate settlement agreements, so long as attorney has express authority of the client. See e.g., Estate of Hughes v. Adams, No. E2020-01383-COA-R3-CV, 2021 Tenn. App. LEXIS 287, at *16 (Ct. App. July 20, 2021). Thus, "where express authority is given to an attorney to compromise a matter by the client, the attorney's agreement to settle within the terms expressed will bind the client." Fort Sanders Reg'l Med. Ctr. v. Collins, C/A NO. 03A01-9202-CH-00041, 1992 Tenn. App. LEXIS 667, at *3 (Ct. App. Aug. 5, 1992).

All the principles set forth above are clearly present in the case at bar. The parties reached a binding Settlement on February 13, 2025. Specifically, the essential terms of the Settlement were agreed to by the parties as evidenced by the email from Plaintiffs' counsel:

> this confirms we have settled this matter for $27,000.00. Please made [sic] the settlement check payable to Drayton D. Berkley IOLTA. I also enclose our w-9.

See Exhibit C. The payment instructions were provided by Plaintiffs' counsel along with the counsel's W-9. Although Plaintiffs had not signed the formalized Release Agreement, Plaintiffs change in mind after the acceptance of the Settlement is insufficient to invalidate the Settlement reached by the parties. Montano, No. 3:14-CV-404-PLR-CCS, at *5 ("After-

the-fact sentiments do not merit setting aside an otherwise complete settlement agreement."). Because Plaintiffs' attorney was acting on behalf of his clients with express authority to settle the claims and the parties unambiguously reached a Settlement, the Settlement is binding on Plaintiffs.

## CONCLUSION

For the reasons set forth above, Acuity respectfully requests this Honorable Court to grant Acuity's Motion and enforce the Settlement previously reached by the parties on February 13, 2025.

Respectfully submitted,

/s/ Hannah J. Leifel
**PARKS T. CHASTAIN**
Registration No. 13744
DIRECT:  (615) 630-7717
(615) 256-8787, Ext. 114
pchastain@bkblaw.com
**HANNAH J. LEIFEL**
Registration No. 038632
DIRECT: (615) 630-7722
(615) 256-8787, Ext. 152
hleifel@bkblaw.com
Attorneys for Defendants, Acuity, A Mutual Insurance Company, Brad Cookson, Associated Adjusters Network, Inc., and Steve Denton

**BREWER, KRAUSE, BROOKS,**
**CHASTAIN & MEISNER, PLLC**
545 Mainstream Drive, Suite 101
Nashville, TN  37228

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of March, 2025, a true and correct copy of the foregoing was filed electronically.  Notice of this filing will be sent by operation of the court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served via email or by regular U. S. Mail.  Parties may access this file through the court's electronic filing system.

Drayton Berkley, Esquire
The Berkley Law Finn, PLLC
1255 Lynnfield Road, Suite 226
Memphis, TN 38119
attomeyberkley@gmail.com

            /s/ Hannah J. Leifel
            **HANNAH J. LEIFEL**