IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
AT MEMPHIS

| | |
|---|---|
| **MIKE AND LEONIE HEFLEY,** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:24-CV-01156-JPM-atc |
| ) | District Judge Jon Phipps McCalla |
| **ACUITY, A MUTUAL INSURANCE** ) | Magistrate Judge Annie T. Christoff |
| **COMPANY** ) | |
| ) | |
| Defendant. ) | |

## REPLY TO RESPONSE IN OPPOSITION TO
## MOTION TO ENFORCE SETTLEMENT FILED BY THE PLAINTIFFS

Comes now the defendant, Acuity, A Mutual Insurance Company ("Acuity"), by and through counsel, and hereby submits this Reply to the untimely Response in Opposition to Acuity's Motion to Enforce the Settlement filed by the plaintiffs, Mike and Leonie Hefley ("Plaintiffs"), as requested by this Honorable Court. [Doc. 48].

First, Plaintiffs fail to appreciate or acknowledge that their prior counsel, Drayton Berkley ("Mr. Berkley") represented both Mike and Leonie Hefley. See Doc. 1-1. Plaintiffs' Response hinders on the argument that Mr. Berkley only obtained Mrs. Hefley's consent to settle the case and failed to obtain Mr. Hefley's express consent. See gen., Resp. Doc. No. 44. Tennessee adheres to the well-established rule that "where express authority is given to an attorney to compromise a matter by the client, the attorney's agreement to settle within the terms expressed will bind the client." Fort Sanders Reg'l Med. Ctr. v. Collins, C/A NO. 03A01-9202-CH-00041, 1992 Tenn. App. LEXIS 667, at *3 (Ct. App. Aug. 5, 1992). Importantly, there is no dispute that Mrs. Hefley gave Mr. Berkley the express authority to settle this case. See gen., Resp. Doc. No. 44. Instead, Plaintiffs blanketly assert that Mr.

AU Hefley Reply in Opp Resp 250710

Berkley failed to obtain Mr. Hefley's separate express authority because Mr. Hefley was not "included in the conversation [with Mrs. Hefley] or consulted by Mr. Berkley about the settlement offer." Resp. at PageID 293. Notably absent from Plaintiffs' untimely response is any caselaw supporting, or suggesting, that an attorney must have the express consent of both a husband and wife in order to enter into a valid settlement agreement when it is unequivocally undisputed that express authority was given by the wife.

It is well settled that "[e]ven where the principal has not given the agent actual authority to take a certain course of action, the agent may still bind the principal if he had apparent authority." Savage v. City of Memphis, 464 S.W.3d 326, 333 (Tenn. Ct. App. 2015) (citation omitted). Apparent authority "is power held by the agent 'to affect a principal's legal relations with third parties when a third party reasonably believes the agent has authority to act on behalf of the principal and that belief is traceable to the principal's manifestations.'" Id. To establish apparent authority, the Tennessee Supreme Court has indicated that generally

> one must establish (1) the principal actually or negligently acquiesced in another party's exercise of authority; (2) the third person had knowledge of the facts and a good faith belief that the apparent agent possessed such authority; and (3) the third person relied on this apparent authority to his or her detriment.

Boren ex rel. Boren v. Weeks, 251 S.W.3d 426, 433 (Tenn. 2008) (citations omitted). Here, Acuity contends that Mr. Berkley was acting on behalf of both of his clients through express and apparent authority. As shown in Exhibit A of Acuity's Motion, an email was sent from Mr. Berkley to counsel stating that "In an effort to get this matter closed, **we** will demand the sum of $99,500 …." Doc. 36-1 (emphasis added). In the same email thread, a response sent from "Mike Hefley," signed by Mrs. Hefley, stated as follows:

| | |
|---|---|
| From: | Mike Hefley <mlneaj@yahoo.com> |
| Sent: | Wednesday, January 29, 2025 9:07 PM |
| To: | drayton berkley |
| Cc: | Hannah Leifel |
| Subject: | Re: Hefley v. Acuity |

Please move forward. I want to get this matter resolved. Thank you for your work.

Leonie Hefley

Doc. 36-1. This email directly contradicts Plaintiffs arguments that Mr. Hefley was completely oblivious to the settlement discussions and Plaintiffs have completely failed to submit any evidence to the contrary. In fact, while Plaintiffs' Response relies solely on a text thread between only Mr. Berkley and Mrs. Hefley, these text messages were not even attached to the Response. Instead, the only evidence in the Record establishes that Acuity's counsel had a good faith belief that Mr. Berkley was acting on behalf of both his clients and possessed the appropriate express and apparent authority to enter into the binding Settlement Agreement to which Acuity relied upon to its detriment. See Doc. 36-2 and Doc. 36-3. To suggest otherwise is nonsensical. Simply stated, it makes no sense for Acuity's counsel to engage in settlement discussions and agree on all material terms without Mr. Berkley holding himself out as having apparent authority to bind both of his clients. Again, Mr. Berkley represented both Mr. and Mrs. Hefley and Plaintiffs have failed to provide any evidence showing that Plaintiffs did not give Mr. Berkley apparent authority to settle the claims in this lawsuit. Further, the only evidence in the Record unequivocally shows that Mr. Berkley held himself out to Acuity's counsel has having "his clients" permission to settle the case. See Docs. 36-1, 36-2 and 36-3. While Plaintiffs may have a grievance with Mr. Berkley, Mrs. Hefley has made it clear that Mr. Berkley was acting within his express and

apparent authority to settle this lawsuit, all material terms were agreed to and fell within Mr. Berkley's authority, and Acuity, in good faith, relied upon Mr. Berkley's authority to its detriment.

Accordingly, based upon the Record, there is no dispute of fact that Plaintiffs gave Mr. Berkley express and apparent authority to enter into the Settlement to which Acuity, in good faith, relied upon to its detriment and thus, this Honorable Court should enforce the Settlement.

Lastly, Plaintiffs' argument that the binding Settlement should be set aside because Plaintiffs did not know how the settlement would be distributed is meritless. An agreement will not be set aside because one party later decides it is disadvantageous. Worthy v. McKesson Corp., 756 F.2d 1370, 1373 (8th Cir. 1985); In re Montgomery, 152 B.R. 266, 268 (Bankr. E.D. Ark. 1993). "[O]nce a settlement is reached, it is the party challenging the settlement who bears the burden to show that the settlement contract was invalid based on fraud or mutual mistake." Henley v. Cuyahoga Cnty. Bd. of Mental Retardation & Developmental Disabilities, 141 F. App'x 437, 443 (6th Cir. 2005) (citation omitted). Specifically, the law is clear that:

> If a mistake was made in the present case, it was made by the defendant alone. Unlike a mutual mistake, a unilateral mistake is not sufficient to allow the mistaken party to limit or avoid the effect of an otherwise valid settlement agreement.

Brown v. Cnty. of Genesee, 872 F.2d 169, 174-75 (6th Cir. 1989) (quoting Cheyenne-Arapaho Tribes of Indians of Oklahoma v. United States, 229 Ct. Cl. 434, 671 F.2d 1305, 1311 (1982)) (internal citations omitted).

Plaintiffs have failed to meet their burden of establishing that the Settlement is invalid based upon fraud or mutual mistake. It should be emphasized that Plaintiffs have not even argued or suggested that the Settlement was based on fraud or mutual mistake. Rather, Mrs. Hefley attempts to argue that she *alone* was mistaken as to how the settlement would be distributed. However, as stated above, Mrs. Hefley's own unilateral mistake is insufficient to allow Plaintiffs to limit or avoid the effects of this valid settlement agreement.  Likewise, Plaintiffs have put forth no evidence to support or suggest that the Settlement was based upon fraud. While Mrs. Hefley contends that Mr. Berkley "cajol[ed]" her into accepting the Settlement, it does not amount to the Settlement being fraudulent. Resp. at PageID 295. Plaintiffs' Response clearly admits that Mrs. Hefley and Mr. Berkley discussed the fees and costs that would be subtracted from the settlement amount which Mrs. Hefley ultimately "acquiesced." Id. This is the exact factual support and basis for establishing that there was a meeting of the minds between the parties. Once Plaintiffs gave Mr. Berkley express and apparent authority to accept the settlement offer and Mr. Berkley conveyed to Acuity's counsel that his clients **(plural)** accepted the offer, a binding settlement offer was made.

## CONCLUSION

For the reasons set forth above, Acuity respectfully requests this Honorable Court to grant Acuity's Motion and enforce the Settlement previously reached by the parties on February 13, 2025.

Respectfully submitted,

/s/ Hannah J. Leifel_____
**PARKS T. CHASTAIN**
Registration No. 13744
DIRECT:  (615) 630-7717
(615) 256-8787, Ext. 114

pchastain@bkblaw.com
**HANNAH J. LEIFEL**
Registration No. 038632
DIRECT: (615) 630-7722
(615) 256-8787, Ext. 152
hleifel@bkblaw.com
Attorneys for Defendants, Acuity, A Mutual Insurance Company, Brad Cookson, Associated Adjusters Network, Inc., and Steve Denton

**BREWER, KRAUSE, BROOKS, CHASTAIN & MEISNER, PLLC**
545 Mainstream Drive, Suite 101
Nashville, TN  37228

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of July, 2025, a true and correct copy of the foregoing was filed electronically.  Notice of this filing will be sent by operation of the court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served via email or by regular U. S. Mail.  Parties may access this file through the court's electronic filing system.

Lewis L. Cobb, Jr., Esquire
Spragins, Barnett & Cobb, PLC
312 East Lafayette
P. O. Box 2004
Jackson, TN 38302
lewiscobb@spraginslaw.com

Tania Williams, Esquire
Insurance Litigation Group, P.A.
1500 NE 162nd Street
Miami, FL 33162
Twilliams@ilgpa.com

/s/ Hannah J. Leifel
**HANNAH J. LEIFEL**